UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMARADASA WEERAHANDI,                    :

               Plaintiff,           :         10 Civ. 1269 (DAB) (DF)

   -against-                                         :         **REPORT AND**
                                                                                                   **RECOMMENDATION**
TIME, INC. and MITCHELL KLAIF,         :

               Defendants.       :
------------------------------------------------------------X

**TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J:**

In this employment discrimination action, *pro se* plaintiff Samaradasa Weerahandi ("Plaintiff") alleges that defendants Time, Inc. ("Time") and Mitchell Klaif ("Klaif") (collectively, "Defendants") discriminated against him based on his race (Sinhalese) and national origin (Sri Lankan). (*See* Complaint for Employment Discrimination, dated Feb. 17, 2010 ("Compl.") (Dkt. 1), at ¶ II(D).) In the instant motion, individual defendant Klaif moves to dismiss the claims against him on the ground that "individuals" are not subject to liability under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (*See* Defendant Mitchell Klaif[']s Memorandum of Law in Support of His Motion To Dismiss, dated March 18, 2010 ("Def. Mem.") (Dkt. 7), at 3.) For the reasons set forth below, Klaif's motion to dismiss (Dkt. 6) should be granted.

## BACKGROUND

Except where otherwise noted, the following facts are alleged in Plaintiff's Complaint and are accepted as true for the purposes of this motion.[1]

---

[1] (*See infra* at Discussion, Point I.)

Plaintiff was employed by the Retail Division of defendant Time from February 2001 through December 2007.  (Compl. at ¶ E(1).)  Plaintiff claims that, during the course of his employment, he noticed "the stark absence of minorities in the upper ranks of [Time] management."  (*Id.* at ¶ E(2).)  Plaintiff alleges that he became the Retail Division's primary representative in Time's Asian American Association and, in that capacity, communicated with Time's senior management and executives on "matters relating to racial and ethnic diversity in the workplace."  (*Id.*)  In these communications, Plaintiff expressed the view that "minorities in [Time's] upper management ranks were seriously under[-]represented."  (*Id.* at ¶ E(6).)

From mid-2006 until December 2007, Plaintiff applied for various vice president positions within Time's Information Technology ("IT") division.  (*Id.* at ¶ E(3).)  During that time, Plaintiff alleges that he interviewed successfully with Paul Zazzera ("Zazzera"), who was defendant Klaif's supervisor and the head of Time's IT division.  (*Id.*)  At a certain point, however, Zazzera left Time and Klaif took over as the individual in charge of Plaintiff's applications for promotion.  (*Id.*)

A vice president position that Plaintiff deemed "ideal" for him became vacant in or around September 2007.  (*Id.*)  Although Plaintiff alleges that he was qualified for that position and had interviewed well, Defendants refused to give Plaintiff that position at the time.  (*Id.*)  Instead, Defendants kept that position open until February 2008, at which point Defendants promoted an allegedly "seriously less qualified" white male employee to fill the position.  (*Id.* at ¶ E(5).)  Plaintiff contends that Defendants refused to consider Plaintiff for the position because of his race and national origin, and in retaliation against him for his statements about the under-representation of minorities within upper management at Time.  (*Id.* at ¶ E(6).)

2

Plaintiff filed his Complaint on February 17, 2010. (*See* Dkt. 1.) On March 22, 2010, Time filed its Answer (Dkt. 5), Klaif filed the instant motion to dismiss (Dkt. 6), and Plaintiff filed a motion for default judgment against both defendants (Dkt. 8). Plaintiff's motion for default, in which Plaintiff argued that Defendants had not timely responded to the Complaint, was denied on May 3, 2010, on the ground that Defendants had timely served their responsive pleadings in accordance with Court-ordered deadlines. (*See* Dkt. 13.) On March 29, 2010, Plaintiff filed an opposition to Klaif's motion to dismiss. (*See* Affirmation in Opposition to Defendant Klaif's Motion to Dismiss, dated March 29, 2010 ("Pl. Opp.") (Dkt. 11).) Klaif then submitted a letter to the Court in further support of his motion to dismiss (*see* Letter to the Court from Andrew B. Lachow, Esq., dated April 12, 2010), to which Plaintiff responded via letter dated August 23, 2010 (*see* Letter to the Court from Samaradasa Weerahandi, dated August 23, 2010).

## DISCUSSION

### I. APPLICABLE STANDARDS UNDER RULE 12(b)(6)

A case is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint is not legally sufficient to state a claim upon which relief can be granted. *See Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). In deciding a Rule 12(b)(6) motion, the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); *accord Jaghory v. New York State Dep't of Ed.*, 131 F.3d 326, 329 (2d Cir. 1997). Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

(collecting authority); *see also Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (a *pro se* party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers).

At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire*, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). In addition, even plaintiffs who are proceeding *pro se* must comply with any relevant procedural and substantive rules and, to survive a motion to dismiss, a *pro se* complaint, like any other complaint, "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Bisson v. Martin Luther King Jr. Health Clinic*, No. 07-5416, 2008 U.S. App. LEXIS 23977, at *2 (2d Cir. Nov. 20, 2008) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## II.    KLAIF'S MOTION TO DISMISS

Klaif moves to dismiss the Complaint against him solely on the ground that "individuals" are not subject to liability under Title VII. (*See* Def. Mem. at 3.) In opposition, Plaintiff contends that Klaif's motion should be denied for two alternative reasons: (1) because the motion is purportedly untimely, and (2) because Klaif should be subject to liability under Title VII because he actively participated in the alleged discrimination against Plaintiff and, as the head of Time's IT division, was "like an employer." (Pl. Opp. at 1-3.)

As an initial matter, the Court should reject Plaintiff's argument that Klaif's motion is untimely. Despite the March 20 postmark on Klaif's motion (*see* Pl. Opp., Ex. 2), Klaif's attorney's affirmation states that he placed Klaif's motion papers in the mail on March 18, one day before the deadline set by the Court for service (*see* Affidavit of Andrew B. Lachow, Esq.,

dated March 26, 2010 (Dkt. 10), at ¶ 4). As the Court has already explained in its Order dated March 22, 2010 (Dkt. 13), such service was timely.

With respect to the merits of Klaif's motion, it is well-settled that "'individuals are not subject to liability under Title VII.'" *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)). Nevertheless, Plaintiff contends that this general principle should not shield Klaif from liability under Title VII because Klaif played "a major role in hiring and promotion decisions" at Time and Klaif himself actively discriminated against Plaintiff. (*See* Pl. Opp. at 2 (stating that Klaif's "own decisions" about Plaintiff's employment were discriminatory).) An individual defendant's supervisory control and personal involvement in alleged discrimination, however, are insufficient to give rise to liability under Title VII. *See Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP*, 332 F. Supp. 2d 592, 595 (S.D.N.Y. 2004); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995). Accordingly, I recommend that the Court dismiss Plaintiff's Title VII claim against Klaif.

I further recommend, however, that such dismissal be without prejudice to file an Amended Complaint asserting other causes of action against Klaif for discrimination, as there are alternative federal, state and local statutes that would afford an employee a right of action against an individual who engages in discriminatory conduct in the workplace. While, in his current Complaint, as pleaded, Plaintiff did not specifically assert any causes of action other than Title VII (*see* Compl. at 1-2 (checking boxes indicating that this case was brought under Title VII, but not under New York State Human Rights Law or New York City Human Rights Law), his allegations suggest that he may be able to state claims against Klaif for discrimination

under 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law.

Under 42 U.S.C. § 1981, an individual may be liable for employment discrimination if he had decision-making authority regarding the plaintiff's employment status and was personally involved in the discriminatory activity taken against the plaintiff.  *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74-75 (2d Cir. 2003); *Lessambo v. PricewaterhouseCoopers, L.P.*, No. 08 Civ. 6272 (WHP), 2009 U.S. Dist. LEXIS 61912, at *8-9 (S.D.N.Y. June 29, 2009).

Under both the New York State Human Rights Law, *see* N.Y. Exec. Law § 296(6), and the New York City Human Rights Law, *see* N.Y.C. Admin. Code § 8-107(1)(a), "a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable" for such conduct, *see Tomka v. Seiler Corp.*, 66 F.3d at 1317 (citing cases); *see also Tully-Boone v. North Shore-Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 427 (E.D.N.Y. 2008) (holding that Plaintiff had stated a claim under Section 296(6) where complaint was "replete with allegations that [the individual defendant] 'actually participated' in the alleged unlawful conduct"); *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384-85 (S.D.N.Y. 2006) (holding that plaintiff had stated a claim under Section 296(6) where plaintiff had alleged, among other things, that the individual defendant "had the power to hire and fire [plaintiff]" and had actually participated in discharging plaintiff); *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (citing cases) ("[T]he same standards of analysis used to evaluate aiding and abetting claims under the [New York State Human Rights Law] apply to such claims under the [New York City Human Rights Law] because the language of the two laws is 'virtually identical.'").

Although it is not immediately clear whether Plaintiff's current allegations would give rise to claims against Klaif under these statutes, Plaintiff should be permitted to amend his Complaint to raise such claims.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Klaif's motion to dismiss (Dkt. 6) be granted without prejudice to Plaintiff to amend his Complaint to add other claims, as outlined above.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States Courthouse, 500 Pearl Street, Room 2510, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson,* 968 F.2d

298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson,* 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       November 15, 2010

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

The Honorable Deborah A. Batts, U.S.D.J.

Mr. Samaradasa Weerahandi
9 Stires Way
Pittstown, NJ 08867

Andrew Bruce Lachow, Esq.
Time Inc. Law Department
1271 Avenue of the Americas
New York, NY 10020